UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRISE CARLTON JOHNSON,

                Petitioner,                Case No. 2:13-cv-311

v.                                          Honorable Robert Holmes Bell

MITCH PERRY,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated at the Newberry Correctional Facility. In 2011, Petitioner pleaded guilty in the Chippewa County Circuit Court to being a prisoner in possession of a weapon, MICH. COMP. LAWS § 800.283(4).[1] On October 4, 2011, Petitioner was sentenced to a prison term of 24 to 90 months.

Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. On November 21, 2012, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented. On April 29, 2013, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the question presented should be reviewed by the court.

In his application for habeas corpus relief, Petitioner raises the following grounds:

I. DEFENDANT'S CONVICTION WAS A VIOLATION OF DOUBLE JEOPARDY WHERE HE WAS ADMINISTRATIVELY PUNISHED FOR THE SAME OFFENSE IN PRISON, BEFORE HE WAS BROUGHT TO CIRCUIT COURT AND CONVICTED AND SENTENCED.

II. DEFENDANT IS ENTITLED TO APPELLATE REVIEW OF HIS SENTENCE BECAUSE THE 24 TO 90 MONTH PRISON TERM VIOLATES DEFENDANT'S FEDERAL AND STATE DUE PROCESS RIGHTS AT SENTENCING BY BEING DISPROPORTIONATE TO THE OFFENSES AND THIS OFFENDER, AND AN ABUSE OF DISCRETION WHERE THE SEVERITY OF THE OFFENSE WAS MINIMUM.

III. THE COURT OF [APPEALS] USE OF THE PHRASE "FOR LACK OF MERIT IN THE GROUNDS PRESENTED" IN [A] ONE SENTENCE ORDER DID NOT INDICATE [ITS] DECISION WAS BASED ON THE MERITS.

(Pet., docket #1, Page ID#8.)

---

[1] For the same incident, Petitioner complains that he received a misconduct conviction for "[a]ssault and [b]attery by a [prisoner] using a weapon in the [p]rison." (Br. in Support of Pet., docket #2, Page ID#18.)

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

### I. Ground One: Double Jeopardy

The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. This clause prohibits "'a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.'" *United States v. Beaty*, 147 F.3d 522, 524 (6th Cir. 1998) (quoting *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 769 n.1 (1994)). However, the Supreme Court has explained that "the "Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, 'in common parlance,' be described as punishment." *Hudson v. United States*, 522 U.S. 93, 98–99 (1997). Rather, "[t]he Clause protects only against the imposition of multiple criminal punishments for the same offense" . . . , "and then

only when such occurs in successive proceedings." *Id.* at 99 (internal citations omitted) (emphasis in original).

Petitioner challenges his misconduct conviction for "[a]ssault and [b]attery by a [prisoner] using a weapon in the [p]rison" and his state-court conviction of being a prisoner in possession of a weapon, MICH. COMP. LAWS § 800.283(4). (Br. in Support of Pet., docket #2, Page ID#18.) In order to state a double jeopardy violation, Petitioner must allege "multiple criminal punishments" for the same offense. *Hudson*, 522 U.S. at 99. Here, Petitioner does not sufficiently allege multiple criminal punishments for his convictions in a prison administrative hearing and in the trial court. The Sixth Circuit has found administrative prison sanctions to be civil in nature, noting that "[t]he Double Jeopardy Clause was not intended to inhibit prison discipline." *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008); *see also Odom v. Smith*, No. 1:08-cv-1181, 2009 WL 125286, at *6 (W.D. Mich. Jan. 16, 2009) (finding prisoner failed to state double jeopardy claim based on prison officials' decision to confiscate his property because the taking of prisoner property is administrative in nature and the Double Jeopardy Clause does not apply to administrative proceedings); *Argue v. Berghuis*, No. 4:05-cv-117, 2006 WL 250696, at *6 (W.D. Mich. Feb. 1, 2006) (finding prisoner failed to state double jeopardy claim because grievance proceedings conducted by state prison authorities are administrative in nature, and, thus, not subject to the Double Jeopardy Clause). Petitioner's misconduct conviction for assault and battery was administrative in nature. Therefore, Petitioner does not sufficiently allege multiple criminal punishments for the same offense, and, thus, his Double Jeopardy Clause claim is without merit.

## II.     Ground Two: Disproportionate Sentence

Petitioner argues that his sentence of 24 to 90 months in prison violated his due process rights because it was disproportionate to the offense of being a prisoner in possession of a weapon, MICH. COMP. LAWS § 800.283(4).[2] A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner does not identify any facts found by the trial court at sentencing that were either materially false or based on false information. He therefore fails to demonstrate that his sentence violated due process. *See Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court).

---

[2] According to the Michigan Department of Corrections (MDOC) Offender Tracking Information System, Petitioner was sentenced as a habitual offender under MICH. COMP. LAWS § 769.10. This Court is permitted to take judicial notice of OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

To the extent Petitioner argues that his sentence violated his Eighth Amendment rights, his ground is also without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law as a habitual offender, *see* MICH. COMP. LAWS §§ 800.283(4), 769.10(1)(a). Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

In summary, Petitioner's second ground for habeas corpus relief fails to raise a meritorious federal claim.

### III. Ground Three: Michigan Court of Appeals' Decision

In his third ground for habeas corpus relief, Petitioner argues that the Michigan Court of Appeals' denial of Petitioner's delayed application for leave to appeal "'for lack of merit in the grounds presented' does not indicate that its ruling was based on a review of the trial court's factual findings as mandated by MICH. CT. R. 2.613(c)." (Br. in Supp. of Pet., docket #2, Page ID#26.) Petitioner explains that he disputed the trial court's factual findings regarding the calculation of his guideline scoring in his application for leave to appeal to the Michigan Court of Appeals. Petitioner argues that the appellate court should have reviewed the trial court's factual findings in accordance with MICH. CT. R. 2.613(c).[3]

To the extent Petitioner argues that the appellate court did not review the trial court's factual findings under MICH. CT. R. 2.613(c), he is presenting a state-law claim. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because Petitioner does not argue a federal claim, his third ground for habeas corpus relief is without merit.

---

[3]According to MICH. CT. R. 2.613(c), "findings of fact by the trial court may not be set aside unless clearly erroneous."

Even if Petitioner brought a habeas claim regarding the calculation of his guideline scoring, it also is a state-law claim. There is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Since Petitioner has no federal right to an individualized sentence, this ground presents an issue of state law only. Petitioner has not alleged any grounds for the Court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Koras v. Robinson,* 123 F. App'x at 213 (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).

In summary, Petitioner's third ground for habeas corpus relief fails to raise a meritorious federal clam.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: February 12, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE